UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DIAZ, | No. C 12-5895 SI (pr) |
| Plaintiff, | **ORDER FOR SERVICE ON TWO ADDITIONAL DEFENDANTS AND SETTING NEW BRIEFING SCHEDULE** |
| v. | |
| DR. MICHAEL C. SAYRE; et al., | |
| Defendants. | |

Ronald Diaz filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 to complain about the response of prison officials to his hepatitis C. The court ordered service on three defendants at Pelican Bay and ordered Diaz to show cause why the claims against defendants at California State Prison - Solano should not be dismissed as time-barred.

Diaz responded with an amended complaint that did not allege any claims against the defendants at CSP-Solano. He did not file a response showing cause why the claims against these defendants should not be dismissed as barred by the statute of limitations. Therefore, the CSP-Solano defendants – Jordan, Bunton and Rosenthal – and the claims against them are dismissed without leave to amend.

The amended complaint deleted one name from the list of defendants and added three new names to the list. The amended complaint highlights the danger of a *pro se* plaintiff tinkering with his pleading after the court has determined that a claim for relief has been stated: he can mistakenly lose claims and defendants when he files an unnecessary amended pleading that omits the required allegations. Diaz dropped Dr. Sayre from the list of defendants on page 6, but left his name on the first page of the pleading. As the doctor's name appears on the title page and is mentioned in the body of the pleading, the court will treat the deletion of his name

from the list of defendants as an oversight. Dr. Sayre remains a defendant. Plaintiff also added three defendants in his amended complaint: M. McLean, the chief executive officer of appeals at Pelican Bay; M. A. Cook, the associate warden; and Greg D. Lewis, the warden. Defendant Cook, on behalf of defendant Lewis, allegedly denied Diaz's inmate appeal concerning the refusal to transfer him to a medical facility capable of providing end-of-life care. Docket # 8, p. 12. That is, notwithstanding medical staff's recommendation that he be moved to a medical facility, these defendants made him stay at Pelican Bay due to his gang affiliation. Liberally construed, the allegations of the amended complaint state a claim against defendants Cook and Lewis for deliberate indifference to plaintiff's serious medical needs. The allegations of the amended complaint do not state a claim against defendant McLean, and he/she is dismissed from this action. The allegations of the amended complaint otherwise repeat that which is alleged in the original complaint, and state claims upon which relief may be granted as explained in the order of service (Docket # 3).

As a claim has been stated against two new defendants, the court will order service of process on them, and reset the briefing schedule on dispositive motions so that all the parties can be on the same briefing schedule.

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon associate warden M. A. Cook and warden Greg D. Lewis at Pelican Bay State Prison.

2. In order to move this action toward resolution, the court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **July 19, 2013**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **August 16, 2013**. Defendants must file and serve their reply brief (if any) no later than **August 30, 2013**.

3. Plaintiff's "interrogatories and request for production of documents" were docketed as a motion in need of a ruling. The "motion" is DENIED because discovery requests such as these should not be submitted to the court. Docket # 9. The court generally is not

2

involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.

IT IS SO ORDERED.

Dated: May 14, 2013

_____
SUSAN ILLSTON
United States District Judge